NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAON GRIFFIN-COATUM, | |
| Petitioner, | Civil Action No. 17-9010 (CCC) |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**CECCHI, District Judge.**

Petitioner Shaon Griffin-Coatum, an inmate at FCI Berlin, has filed three documents which, taken together, the Court construes as: (1) a motion for an extension of time to file an amended motion to vacate his sentence and (2) a motion for appointment of counsel. ECF Nos. 16–18. By way of background, this Court screened Griffin-Coatum's most recent amended motion to vacate, dismissed all but one of his ineffective assistance of counsel claims, and permitted Griffin-Coatum to amend the motion to cure the defects identified in the order. ECF No. 5. Griffin-Coatum requested, and the Court granted, several extensions of time to file a second amended petition. ECF Nos. 6, 8, 11, 12, 14, 15. The Court found good cause to grant these requests because, among other things, Griffin-Coatum informed the Court that he was awaiting certain documents and had limited library access. ECF Nos. 8, 12, 15.

Griffin-Coatum never filed an amended motion; instead, he moved for appointment of counsel and to stay the deadline for filing an amended petition until counsel is appointed. ECF Nos. 16, 18. He argues that due to his ongoing limited access to the law library, a series of COVID-related lockdowns, and his having contracted the COVID-19 virus, he is unable to research and

prepare an amended motion. ECF No. 17, 23. For the reasons below, the Court denies Griffin-Coatum's motion for appointment of counsel (ECF No. 16) and grants his motion for an extension of time to file an amended motion to vacate his sentence.

Generally, a habeas petitioner has no constitutional or statutory right to appointment of counsel. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254. However, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Third Circuit has provided the following guidance:

> [T]he district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were straightforward and capable of resolution on the record or the petitioner had a good understanding of the issues and the ability to present forcefully and coherently his contentions.

*Reese*, 946 F.2d at 263–64 (citations and quotations omitted).

Here, without reaching the merits of Griffin-Coatum's claim, the Court observes that the issues presented are not particularly complex. He alleges that trial counsel was ineffective for failing to file a notice of appeal despite Griffin-Coatum's request that he do so. ECF No. 4. This is a straightforward claim with supporting facts within Griffin-Coatum's knowledge, and he filed a detailed and coherent memorandum of law containing the factual basis and supporting law. ECF No. 1-2. As to the remaining ineffective assistance of counsel claims (which the Court dismissed without prejudice (Grounds I and II)),[1] the Court's June 2018 order addressed the pleading

---

[1] The Court dismissed Count III with prejudice. ECF No. 5 at 4.

deficiencies and gave Griffin-Coatum an opportunity to cure. ECF No. 5. Accordingly, Griffin-Coatum's motion for appointment of counsel is denied without prejudice.

As to Griffin-Coatum's request for an extension of time to file a second amended motion to vacate his sentence, given his limited access to the law library and health issues, the Court finds good cause to grant him an extension. Griffin-Coatum shall file his amended motion to vacate his sentence within sixty (60) days of the date of this Order. Should he fail to do so, the Court will order the Government to respond to the remaining claim and this matter will proceed on that claim only.

**IT IS THEREFORE** on this 13th day of January, 2023,

**ORDERED** that Griffin-Coatum's motion for appointment of counsel (ECF No. 16) is denied without prejudice; and it is further

**ORDERED** that Griffin-Coatum's motion for an extension of time to file an amended motion to vacate his sentence (ECF Nos. 17, 18) is granted; and it is further

**ORDERED** that Griffin-Coatum shall file his amended motion to vacate his sentence within sixty (60) days of the date of this Order; and it is further

**ORDERED** that the failure of Griffin-Coatum to file his amendment within that time shall result in this matter proceeding solely on Griffin-Coatum's one remaining claim from his first amended motion to vacate his sentence; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Griffin-Coatum by regular U.S. mail.

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**